Filed 3/18/21  In re Charlotte E. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In the Matter of CHARLOTTE E., a Person Coming Under Juvenile Court Law. | B304125 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 18CCJP02656A) |
| Plaintiff and Respondent, | |
| v. | |
| RACHEL E., | |
| Defendant and Appellant. | |
| CHARLOTTE E., a Minor, etc., | |
| Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Stephen C. Marpet, Judge Pro Tempore. Dismissed.

Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant.

Elizabeth Klippi, under appointment by the Court of Appeal, for Minor and Respondent.

---

## INTRODUCTION

The parties in this case are appellant mother Rachel E. and her respondent daughter Charlotte E.[1] Charlotte was detained from Mother in April 2018 and placed with her maternal grandmother and step-grandfather. Mother was granted monitored visits, and Charlotte's maternal grandfather (MGF) was later approved as a monitor.

In December 2019, upon an oral request by Charlotte's counsel, the court ordered that MGF no longer be permitted to monitor visits, and that future visits take place at a DCFS office. Mother appealed the order, arguing the court abused its discretion in granting Charlotte's request, both because the court should have required Charlotte to file a petition under Welfare and Institutions Code section 388 before changing the parameters of visitation, and because the evidence did not support the ordered change.

In October 2020, after Mother filed her opening brief, the court placed Charlotte in a legal guardianship with her grandmother and step-grandfather and terminated jurisdiction. Charlotte argued that the termination of

---

[1] Respondent Los Angeles County Department of Children and Family Services (DCFS) declined to file a brief.

2

jurisdiction mooted Mother's appeal. Mother filed a letter expressly declining to file a reply brief. We agree with Charlotte and dismiss Mother's appeal as moot.

## STATEMENT OF RELEVANT FACTS

In April 2018, DCFS filed a petition on behalf of Charlotte (born October 2016) containing three counts under Welfare and Institutions Code section 300, subdivision (b)(1), and two counts under section 300, subdivision (j). The counts alleged that Mother's substance abuse and mental health issues endangered Charlotte, and noted that Charlotte's brother Joshua (born November 2005) was a prior dependent of the court due to these problems, and had received permanent placement services. Charlotte was detained from Mother and eventually placed with her maternal grandmother and step-grandfather. Mother was granted monitored visits, and MGF was subsequently approved as a monitor.

At a permanency planning hearing in December 2019, Charlotte's counsel requested that MGF no longer be permitted to monitor Mother's visits, and that all future visits be conducted at a DCFS office. The request was based on the discovery, following a monitored visit, of a cigarette lighter in Charlotte's backpack. Mother denied the lighter was hers and objected to the request.[2] The court ordered

---

[2] Charlotte's counsel also noted the presence in the child's backpack of handwritten notes suggesting Mother had been "coaching" her.

that all future visits take place at a DCFS office, and that MGF no longer serve as a monitor.

In January 2020, Mother appealed the "Order restricting visitation to a DCFS location and removing MGF as a monitor for visits." In June 2020, Mother filed her opening brief. In October 2020, the juvenile court placed Charlotte in a legal guardianship with the maternal grandmother and step-grandfather and terminated jurisdiction. In December 2020, we granted Charlotte's request to judicially notice the minute order establishing the legal guardianship and terminating jurisdiction. Based on these judicially noticed events, Charlotte argued in her respondent's brief that Mother's appeal was now moot; Mother filed a letter expressly declining to file a reply brief.

## DISCUSSION

Charlotte argues that because jurisdiction was terminated in October 2020, we can grant no effective relief. Mother has not contested this position, and we agree with it. "When no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1317; see also *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 [because "no direct relief can be granted even were we to find reversible error, because the juvenile court no longer has jurisdiction and we are only reviewing that court's ruling . . . [w]e hold that the appeal filed herein by [father] is moot"].) Accordingly, we dismiss the instant appeal.

**DISPOSITION**

Mother's appeal is dismissed as moot.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.